```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Trustees of Empire State Carpenters Annuity,
Apprenticeship, Labor-Management
Cooperation, Pension and Welfare Funds,           ADOPTION ORDER
                                                  14-cv-323(ADS)(AKT)
                Plaintiff,

        -against-

C. DOWNING ENTERPRISES LLC
                        Defendants.
----------------------------------------------------------X
```

FILED
CLERK
3/10/2015 12:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Plaintiff*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
    By: Richard B. Epstein, Esq.
       Elina Burke, Esq., Of Counsel

**SPATT, District Judge**.

      On January 15, 2014, the Plaintiff Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Plaintiff") commenced this action.

      The Plaintiff asserts claims pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to confirm an arbitration award rendered in conjunction with a collective bargaining agreement ("CBA") between the Empire State Regional Council of Carpenters (the "Union") and against C. Downing Enterprises, LLC (the "Defendant").

1

In that regard, on December 1, 2013, J.J. Pierson, Esq., the duly designated impartial arbitrator, found the Defendant liable for violating the terms of the CBA and awarded the Union: (1) $8,854.21 for delinquent contributions; (2) interest in the amount of $306.28; (3) liquidated damages of $1,770.84; (4) attorneys' fees in the amount of $750.00; and (5) the arbitrator's fee of $750.00. In addition, the arbitrator ordered the Defendant to make its books and records available to the Union for an audit to determine the amount of additional benefit contributions owed, if any, to the Union.

In the present action, the Plaintiff, as Trustee for the Union, seeks an Order confirming the arbitrator's award as well as attorneys' fees and costs incurred in connection with this enforcement action.

On March 18, 2014, the Plaintiff requested a Certificate of Default with the Clerk of the Court. On March 19, 2014, the Clerk of the Court issued the Certificate of Default and certified the Defendant's default.

On April 10, 2014, the Plaintiff moved for default judgment.

On April 11, 2014, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On February 9, 2015, Judge Tomlinson issued a Report recommending that the Plaintiff's motion for default judgment be granted and that the Plaintiff be awarded the following damages: (i) $8,854.21 for unpaid contributions; (ii) $589.68 in interest; (iii) $1,770.84 in liquidated damages; (iv) $750.00 in attorneys' fees pursuant to the arbitration award; (v) $1,215.00 in

attorneys' fees incurred in connection with this confirmation proceeding; and (vi) $1,217.50 in arbitrator's fees, costs and disbursements.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 9, 2015, Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error). Accordingly, the February 9, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted. The Clerk of the Court is directed to enter judgment for the Plaintiff and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
March 10, 2015

                                                                            */s/ Arthur D. Spatt*_____
                                                                             ARTHUR D. SPATT
                                                         United States District Judge